IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALI YILDIZ,

    Petitioner,

v.                                                                                    No. 2:26-cv-178-KG-DLM

TODD BLANCHE, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Ali Yildiz's Motion to Enforce, Doc. 14, and the Government's Response, Doc. 16.  Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 12, did not comply with the due process requirements set forth in that Order.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court grants Petitioner's motion and orders his release.[1]

### I.   *Background*

Petitioner, a 32-year-old Turkish citizen, entered the United States in 2023.  Doc. 9 at 6. On October 28, 2025, DHS arrested Petitioner in New York at the ICE field office.  *Id.*  He remains detained at the Otero County Processing Center in New Mexico.  *Id.*

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 2, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 12 at 2, 3.  On March 27, 2026, the Court ordered the Government to provide a bond hearing within seven days, at which it had

---

[1] The DAR of the Bond Hearing (March 31, 2026) is on file with the Court and lodged at Doc. 18 (the "Audio Recording").

the burden to justify his continued detention by clear and convincing evidence, or release him. *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on March 31, 2026.  *See* Doc. 18 at 1.  During the hearing, the IJ stated "let me hear from the Government to see why this gentleman should be granted bond or not granted bond."  Audio Recording at 2:01.  The Government argued that Petitioner "is a flight risk given speculative relief" amid his claim for fear of return to Turkey.  *Id.* at 2:21.  After hearing from the Government, the IJ then said "okay [Petitioner's counsel] [the burden] has been shifted back to you now."  *Id.* at 2:42.  After hearing from Petitioner's counsel's arguments against deeming Petitioner a flight risk, the IJ denied bond "due to his form of relief and his manner of entry."  *Id.* at 0:35.  The IJ also relied heavily on *Hurtado* and that "it still applies."  *Id.* at 0:44.  He informed Petitioner of his right to appeal the bond order, and he waived.  *Id.* at 1:01.

Petitioner moves to enforce the Court's prior order, arguing that the IJ "denied release without requiring Respondents to carry their burden to justify Mr. Yildiz's prolonged detention."  Doc. 14 at 1.

## II.    *Analysis*

For the reasons below, the Court concludes that (A) it has jurisdiction to review the procedures used at the bond hearing, and (B) release is warranted.

### A.    *The Court has jurisdiction.*

First, the Court concludes that it has jurisdiction to consider Petitioner's claim.  *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction).  The Court acknowledges that, under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment

2

regarding the application of [§ 1226]...shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien." But § 1226(e) only bars review of the Attorney General's "discretionary judgment." *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). It does not eliminate "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351–52 (4th Cir. 2022) (noting that Section 1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)"); *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error). This framework reflects a district court's authority to ensure compliance with its own habeas orders. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("Courts have inherent power to enforce compliance with their lawful orders."); *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to consider Petitioner's motion to enforce. Petitioner does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond determination. Rather, he raises a constitutional claim that the IJ failed to follow the due process requirements set forth by this Court when denying bond.

    **B.**    *The bond hearing failed to comply with this Court's order.*

Next, the Court concludes that Petitioner's bond hearing did not satisfy the due process requirements set forth in this Court's prior order. In granting habeas relief, the Court exercised its discretion to require the Government to justify Petitioner's detention by clear and convincing evidence. Doc. 12 at 4–5. That did not occur. While the Government did provide argument first, the IJ shifted the burden back to Petitioner, contrary to the Court's prior order. Audio Recording at 2:42. The Court placed the burden on the Government, not on Petitioner. Doc. 12 at 5. When denying bond, the IJ relied heavily on *Hurtado*, a Board of Immigration Appeals decision that no longer applied once the Court classified Petitioner under § 1226. Because of these deficiencies, the hearing did not comply with this Court's order and release is warranted.

## III.    Conclusion

For the reasons above, the Court orders that:

1. Petitioner's Motion to Enforce, Doc. 14, is granted. The Government shall release him within 24 hours of this Order. The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral IJ under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. This Order does not affect the Government's ability to detain Petitioner once his removal order becomes final—at that point, his detention is governed by the mandatory detention provision of § 1231.

4. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.